IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Matthew Eversole being first duly sworn, hereby deposed, and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since April of 2021. As such, I am an investigative or law enforcement officer of the United Stated within the meaning of 18 U.S.C. § 2510 (7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have received training and have gained experience in all aspects of law enforcement, including interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. I have not included every detail of every aspect of my training, education, and experience but have highlighted those areas most relevant to this affidavit.

2.The information contained in this affidavit details a summary of the investigative efforts that led to the arrest of Tommy MARTIN. I am familiar with the facts and circumstances of this case. The facts set forth in this affidavit are based: on my personal observations; knowledge obtained from other agents and other individuals; my review of documents related to this investigation; oral and written communications with others who have personal knowledge of the events and circumstances described herein; and review of public source information, including information available on the Internet. Since this affidavit is being submitted for a

limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only the facts that relate to the issue of whether probable cause exists to support the issuance of the requested criminal complaint. Where statements of others or the contents of records are related herein, they are related in substance and in part, except where otherwise indicated. Dates, times, figures, and calculations reported in this affidavit are approximate.

3. The United States, including Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and Winchester Police Department (WPD), is conducting a criminal investigation of Tommy MARTIN (hereinafter, "MARTIN") regarding possible violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1).

4. On or about Monday July 1st, 2024, WPD Detective (Det.) Matt Sturgill utilized a WPD Confidential Informant (CI) to arrange a controlled purchase of 3.5 grams of methamphetamine from MARTIN. Prior to the controlled purchase, investigators initiated surveillance in the area of MARTIN's residence located at 107 Mutual Avenue, Winchester, Kentucky 40391. The CI traveled to MARTIN's residence, entered, and met with MARTIN. The CI provided MARTIN with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 3.5 grams of suspected methamphetamine including packaging.

5. On or about Monday July 8th, 2024, your Affiant and WPD Det. Matt Sturgill utilized a WPD CI to arrange a controlled purchase of 3.5 grams of methamphetamine from MARTIN. Prior to the controlled purchase, investigators-initiated surveillance in the area of the MARTIN's residence located at 107 Mutual Avenue, Winchester, Kentucky. The CI traveled to

MARTIN's residence, entered, and met with MARTIN. The CI provided MARTIN with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 3.5 grams of suspected methamphetamine including packaging.

6. On or about Monday July 15th, 2024, your Affiant and WPD Det. Matt Sturgill utilized a WPD CI to arrange a controlled purchase of one (1) ounce of methamphetamine from MARTIN. Prior to the controlled purchase, investigators initiated surveillance in the area of MARTIN's residence. The CI traveled to MARTIN's residence, entered, and met with MARTIN. The CI provided MARTIN with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 28 grams of suspected methamphetamine including packaging.

7. On or about Tuesday July 23rd, 2024, your Affiant and WPD Det. Matt Sturgill utilized a WPD CI to arrange a controlled purchase of a half (1/2) of an ounce of methamphetamine from MARTIN. Prior to the controlled purchase, investigators initiated surveillance in the area of MARTIN's residence. The CI traveled to MARTIN's residence, entered, and met with MARTIN. The CI provided MARTIN with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 14.5 grams of suspected methamphetamine including packaging.

8. On or about Wednesday October 9th, 2024, your Affiant and WPD Det. Matt Sturgill utilized an WPD CI to arrange a controlled purchase of a quarter (1/4) pound of methamphetamine from MARTIN. Prior to the controlled purchase, investigators initiated surveillance in the area of MARTIN's residence. The CI traveled to MARTIN's residence, entered, and met with MARTIN. MARTIN is observed on video leaving the room and proceeding to another room. The CI stated MARTIN went to a safe in the other room and obtained the narcotics. The CI provided MARTIN with the pre-recorded buy funds in return for the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 112 grams of suspected methamphetamine including packaging.

9. On or about Thursday October 10th, 2024, your Affiant and WPD Det. Matt Sturgill utilized a WPD CI to arrange a controlled purchase of one (1) pistol and one (1) ounce of methamphetamine from MARTIN. Prior to the controlled purchase, investigators initiated surveillance in the area of MARTIN's residence. The CI traveled to MARTIN's residence, entered, and met with MARTIN. The CI provided MARTIN with the pre-recorded buy funds in return for an Accu-Tek, Model: BL 9, 9mm pistol and the suspected narcotics. The CI received a quantity of suspected methamphetamine. The transaction was video/audio recorded. Upon completion of the transaction, investigators met with the CI and obtained approximately 28 grams of suspected methamphetamine including packaging.

10. On November 7th, 2024, your Affiant reviewed Chemical Analysis Reports from the Drug Enforcement Administration (DEA). All methamphetamine purchased from the above-described controlled transactions were confirmed to be methamphetamine.

11. Based on a review of MARTIN's criminal history, your Affiant is aware that MARTIN has numerous felony convictions. Most recently, MARTIN was convicted of two counts of Trafficking in a Controlled Substance First Degree, felony offenses under Kentucky state law, by final judgment of the Clark Circuit Court in 2022 in Case No. 21-CR-00115, receiving a five (5) year sentence for the offenses. Additionally, ATF Interstate Nexus Expert SA Ted Hoover determined that interstate and/or foreign commerce was affected by the movement of the Accu-Tek, Model: BL 9, 9mm pistol. The firearm was not manufactured in the Commonwealth of Kentucky and, therefore, had crossed state lines prior to MARTIN's possession on October 10, 2024.

## CONCLUSION

12. Based on the foregoing, there is probable cause to believe that between on or about July 1, 2024, through October 10, 2024, Tommy MARTIN knowingly and intentionally distributed methamphetamine on six (6) occasions, therefore committing violations of 21 U.S.C. § 841(a)(1). Additionally, there is probable cause to believe that Tommy MARTIN, a convicted felon, did knowingly and intentionally possess a firearm that was in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1). I therefore respectfully request the issuance of the proposed arrest warrant.

Respectfully submitted,

/s/ Matthew Eversole
───────────────────────
Matthew Eversole
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to me and subscribed by telephone in accordance with Fed. R. Crim. P. 4.1 and 41(d)(3) on the __16th__ day of December 2024.

_____
Honorable Matthew S. Stinnett
UNITED STATES MAGISTRATE JUDGE