UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA

V.         SUPERSEDING INDICTMENT NO. 25-CR-00004-S-DCR-EBA

TOMMY MARTIN

\* \* \* \* \*

THE GRAND JURY CHARGES:

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about July 1, 2024, in Clark County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally distribute methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about July 8, 2024, in Clark County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally to distribute methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about July 15, 2024, in Clark County, in the Eastern District of Kentucky,

## TOMMY MARTIN

did knowingly and intentionally distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 4
## 21 U.S.C. § 841(a)(1)

On or about July 23, 2024, in Clark County, in the Eastern District of Kentucky,

## TOMMY MARTIN

did knowingly and intentionally distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about October 9, 2024, in Clark County, in the Eastern District of Kentucky,

## TOMMY MARTIN

did knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 21 U.S.C. § 841(a)(1)

On or about October 10, 2024, in Clark County, in the Eastern District of Kentucky,

## TOMMY MARTIN

did knowingly and intentionally distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
## 18 U.S.C. § 924(c)(1)(A)

On or about October 10, 2024, in Clark County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly carry and use a firearm, to wit: an Accu Tek, Model: BL-9, Cal.: 9mm, pistol, SN: 000832, during and in relation to a drug trafficking crime, as charged in Count 6 of this Indictment, for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 8
## 18 U.S.C. § 922(g)(1)

On or about October 10, 2024, in Clark County, in the Eastern District of Kentucky,

**TOMMY MARTIN,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: an Accu Tek, Model: BL-9, Cal.: 9mm, pistol, SN: 000832, that was in and affecting interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 9
## 21 U.S.C. § 841(a)(1)

On or about November 27, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C.

§ 841(a)(1).

## COUNT 10
## 21 U.S.C. § 841(a)(1)

On or about December 6, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 11
## 21 U.S.C. § 841(a)(1)

On or about December 6, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally distribute methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 12
## 21 U.S.C. § 841(a)(1)

On or about December 19, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21

U.S.C. § 841(a)(1).

## COUNT 13
## 21 U.S.C. § 841(a)(1)

On or about December 19, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 14
## 18 U.S.C. § 924(c)(1)(A)

On or about December 19, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

did knowingly possess a firearm in furtherance of a drug trafficking crime, as charged in Count 12 and 13 of this Indictment, for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 15
## 18 U.S.C. § 922(g)(1)

On or about December 19, 2024, in Montgomery County, in the Eastern District of Kentucky,

**TOMMY MARTIN**

knowing he had previously been convicted of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess firearms, to wit: an American Tactical, Model: Omni Hybrid, Cal.: Multi, pistol, SN: NS309081 and a Smith & Wesson, Model: M&P 9 Shield EZ M2.0, Cal.: 9mm Luger, pistol, SN: RJA9765, that were in and affecting interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## 21 U.S.C. § 851 ENHANCEMENT

Before **TOMMY MARTIN** committed the offenses charged in Counts 3, 4, 5, 6, and 12 of this Superseding Indictment, he had the following prior final conviction for a serious violent felony, to wit: Robbery Second Degree, a conviction under Kentucky Revised Statute 515.030, by final judgment of the Clark Circuit Court, Case No. 81-CR-058, for which he served more than 12 months of imprisonment for each offense:

Further, before **TOMMY MARTIN** committed the offenses charged in Counts 3, 4, 5, 6, and 12 of this Superseding Indictment, he had a prior final conviction for a serious drug felony, to wit: two counts of First Degree Trafficking in a Controlled Substance (Greater than or Equal to Two Grams of Methamphetamine) First Offense, a conviction under Kentucky Revised Statute 218A.1412, by final judgment of the Clark Circuit Court, Case No. 21-CR-00115, for which he served a term of imprisonment of more than 12 months and was released from any term of imprisonment related to the offenses within 15 years of the commencement of the offenses listed in Counts 3, 4, 5, 6, and 12.

## ARMED CAREER CRIMINAL ENHANCEMENT

The Grand Jury further alleges that before **TOMMY MARTIN** committed the offense charged in Counts 8 and 15 of this Superseding Indictment, he had at least three

previous convictions for offenses qualifying under 18 U.S.C. § 924(e)(2) that were committed on occasions different from one another, listed as follows:

1. First Degree Trafficking in a Controlled Substance (Greater than or Equal to Two Grams of Methamphetamine) First Offense (two counts), by final judgment of the Clark Circuit Court, Case No. 21-CR-00115;

2. Burglary Second Degree by final judgment of the Clark Circuit Court, Case No. 12-CR-00003; and

3. Robbery Second Degree by final judgment of the Clark Circuit Court, Case No. 81-CR-058

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)
### 28 U.S.C. § 2461

1.   By virtue of the commission of the felony offenses alleged in Counts 1-6 and 9-13 of the Superseding Indictment, **TOMMY MARTIN** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **TOMMY MARTIN** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.   By virtue of the commission of the offenses alleged in Counts 7-8 and 13-14 of the Superseding Indictment, **TOMMY MARTIN** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the

violations of 18 U.S.C. §§ 922 and 924. Any and all interest that **TOMMY MARTIN** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
a. $1,011.00 in U.S. Currency.

**FIREARMS AND AMMUNITION:**
a. American Tactical, Model: Omni Hybrid, Cal.: Multi, pistol, SN: NS309081;
b. Smith & Wesson, Model: M&P 9 Shield EZ M2.0, Cal.: 9mm Luger, pistol, SN: RJA9765; and
c. Assorted ammunition

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

# **PENALTIES**

**COUNTS 1-2, 9-11, & 13:** Not more than 20 years imprisonment, not more than a $1,000,000 fine, and not less than 3 years of supervised release.

**If prior felony drug offense conviction:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and not less than 6 years of supervised release.

**COUNTS 3, 4, & 6:** Not less than 5 years imprisonment, not more than 40 years imprisonment, not more than a $5,000,000 fine, and not less than 4 years of supervised release.

**If prior serious drug felony or serious violent felony conviction:** Not less than 10 years of imprisonment, not more than life imprisonment, not more than an $8,000,000 fine, and not less than 8 years of supervised release.

**COUNTS 5 & 12:** Not less than 10 years imprisonment, not more than life imprisonment, not more than a $10,000,000 fine, and not less than 5 years supervised release.

**If prior serious drug felony or serious violent felony conviction:** Not less than 15 years imprisonment, not more than life imprisonment, not more than a $20,000,000 fine, and not less than 10 years supervised release.

**If two or more prior serious drug felony and/or serious violent felony convictions:** Not less than 25 years of imprisonment, not more than life imprisonment, not more than a $20,000,000 fine, and not less than 10 years of supervised release.

**COUNTS 7 & 14:** Not less than 5 years imprisonment, not more than life imprisonment, consecutive to any other sentence, not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNTS 8 & 15:** Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

|  |  |
|---|---|
|  | **If armed career criminal:** Not less than 15 years imprisonment, not more than life imprisonment, not more than a $250,000 fine, and not more than 5 years supervised release. |
| **PLUS:** | Mandatory special assessment of $100 per count. |
| **PLUS:** | Restitution, if applicable |