UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-4-DCR

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.                                        MAGISTRATE JUDGE'S
                                  REPORT AND RECOMMENDATION

TOMMY MARTIN,                                                                      DEFENDANT.


The defendant previously provided notice of concern regarding his competency in this matter, and in response the United States moved for competency evaluations to address the Defendant's competency both now and at the times alleged in the indictment. [R. 33, 37]. In response, the Court directed evaluations to be conducted by an evaluator with the Bureau of Prisons. The evaluations occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist. In the competency report, the evaluators opines that Martin is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, where the parties appeared with counsel, and as it relates to the report of current competency, stipulated to the Report's findings. The parties also waived introduction of other proof and argument in opposition.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S.

1

Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases disagree on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluators thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. The evaluators personally observed Martin during direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluators and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. The evaluators found that Martin suffered from persistent depressive disorder, early onset, mild; stimulant use disorder, in sustained remission, moderate; and opioid use disorder, in sustained remission, moderate. While these conditions may result in cognitive deficits, they were not considered severe enough to result in a diagnosis of cognitive impairment. In addition, the evaluators opined that Martin displayed sufficient understanding the nature of the proceedings against him, the roles of the various participants and the consequences of pleading guilty. He recalled the name of his attorney and acknowledged his role in assisting his attorney during the defense of the case. In conclusion, the evaluators stated that Martin does not appear to be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him, or to assist in his own defense. He was determined to be competent.

At the hearing, Martin was placed under oath and questioned by the Court regarding his desire to stipulate to the findings and conclusions of the competency report. The Defendant confirmed that he had consulted with counsel and reviewed the report with his attorney. He was informed of the effect of finding him competent to proceed, and thereafter stipulated to the findings and conclusions in the report. Defense counsel provided no observations to conflict with either Martin's stipulation or the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with the evaluator's conclusions.

The Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant can understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the

3

Court **RECOMMENDS** that the Defendant be found competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Failure to object per Rule 59(b) waives a party's right to review.

This the 6th day of August 2025.

Signed By:

_Edward B. Atkins_ ƐβA

**United States Magistrate Judge**

4